IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert E. Young, #213263, ) | |
| ) | Civil Action No. 6:03-3640-JFA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Neil Collier, Probation Officer; and ) | |
| Christopher Bardon, Probation Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

       This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment and the plaintiff's motion for summary judgment. The *pro se* plaintiff brought this action pursuant to Title 42, United States Code, Section 1983, seeking damages in the amount of $2,500,000 on claims of illegal extradition by the defendants.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       On December 23, 2003, this court recommended the dismissal of the plaintiff's action with prejudice. The Honorable Joseph F. Anderson, Jr., Chief United States District Judge for the District of South Carolina, adopted the recommendation and dismissed the action. The plaintiff appealed the decision, contesting only the dismissal of his claims against the South Carolina defendants. On June 24, 2005, the United States Court of Appeals for the Fourth Circuit entered an opinion reversing and remanding the case to the District Court. *See Young v. Nickols, et al.*, 413 F.3d 416 (4th Cir. 2005). On

July 26, 2005, Chief Judge Anderson referred the action to the this court for further proceedings.

The Fourth Circuit Court of Appeals noted that the plaintiff had filed papers suggesting a desire to amend his original complaint. In light of the Appeals Court mandate and the plaintiff's offer of amendments, this court filed an order on September 13, 2005, directing the plaintiff to: (1) complete and file a standard complaint form; and (2) respond to special interrogatories. On September 28, 2005, the plaintiff complied with the order, filing an amended complaint naming Neil Collier and Christopher Barton[1] as defendants. The plaintiff seeks to recover monetary damages on the grounds that the defendants transported him from Ohio to South Carolina illegally (upon an expired arrest warrant) and that they transported him despite an injury to his left wrist, thereby denying him medical care. The Fourth Circuit Court of Appeals specifically noted that the plaintiff alleged that the defendants "seized" him in Ohio and "conspired" with arresting officers in Ohio. The Court of Appeals recommended that on remand the District Court consider whether or not the plaintiff's allegations were frivolous, malicious or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(b)(1). To that end, the special interrogatories sought to clarify the plaintiff's allegations. In his responses, the plaintiff continues to assert his claim of a "conspiracy." He has abandoned his allegation that the defendants "seized" him, receiving custody from persons not authorized to detain him under the laws of the State of Ohio. The plaintiff has also abandoned his claim that the defendants "kidnaped" him in Ohio.

In an order dated October 14, 2005, this court authorized the issuance and service of process and directed the defendants to file an answer to the complaint. On October 28, 2005, the summons, complaint, and answers to special interrogatories were

---

[1] The correct spelling of this defendant's name is "Bardon" (def. m.s.j. 1 n. 1).

2

served on defendants Collier and Bardon by the United States Marshals Service. On November 17, 2005, the defendants served and filed an answer to the complaint. On December 13, 2005, the plaintiff filed a "Reply" to the defendants' answer.

On December 14, 2005, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. By order filed on December 16, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 19, 2006, the plaintiff filed "motion for summary judgment and declaratory judgment, or in the alternative, a trial by jury," which this court also construes as a response to the defendants' motion. The defendants filed a response to the plaintiff's motion on February 6, 2006.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted). As matters outside the pleadings have been presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(b)(6).

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

3

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

In his September 28, 2005, amended complaint, the plaintiff alleges the defendants conspired with a law enforcement officer in Ohio to conduct an illegal arrest and defective extradition and to deny proper medical care during his transport. The defendants argue that the complaint should be dismissed because it fails to state facts sufficient to support any cause of action for an allegedly defective extradition or the denial or medical treatment.

"[W]ith respect to [p]laintiff's claim for damages, the Fourth Circuit Court of Appeals held in *Wirth v. Surles*, 562 F.2d 319 (4th Cir.), cert. denied, 435 U.S. 933 (1977), that a plaintiff may maintain a § 1983 damage claim based on alleged improprieties in his or her extradition from one state to another if such extradition was in violation of the safeguards provided by the Constitution and statutes of the United States." *Glover v. Hodges*, No. Civ.A. 0:03-2151-26B, 2004 WL 3222893 (4th Cir. 2004) (citing *Wirth*, 562 F.2d at 322-23) (parallel citations omitted). However, "[t]he . . . officers of the demanding state, carrying out a facially valid extradition, have no duty to make . . . determinations [regarding the propriety of the extradition procedure in the asylum state]." *Brown v. Nutsch*, 619 F.2d 758, 765 (8th Cir. 1980) (citing *Baker v. McCollan*, 443 U.S. 137, 143-47 (1979)).

The plaintiff's amended complaint and his answers to the special interrogatories fail to suggest any factual basis to connect the defendants with the proceedings in Ohio. Instead, as set forth in the affidavits submitted by the defendants, the defendants' role consisted merely of initiating the extradition request and the process by which the Governor of South Carolina issued a warrant to the Governor of Ohio, and their accepting custody of the plaintiff from the authorities in Ohio and returning him to South Carolina (def. m.s.j., ex. A, Collier aff. ¶¶ 4-15, Bardon aff. ¶¶ 3-8). The plaintiff himself acknowledges that the defendants received custody of him from persons authorized to detain him pursuant to the laws of the State of Ohio, that some type of extradition

proceedings were conducted in Ohio, and that he was not kidnaped by the defendants in the State of Ohio. He has failed to allege how the defendants could have participated in the allegedly flawed extradition proceedings in Ohio, or how they could have conspired with officers in Ohio in this regard. Thus, as the plaintiff has failed to show that the defendants' actions were in violation of the safeguards provided by the Constitution and statutes of the United States, his claim in this regard states no cause of action against the defendants, and the claim should be dismissed.

The defendants have also moved for summary judgment on the plaintiff's claim for denial of medical treatment. The plaintiff does not address this claim in his response to the defendants' motion or in his own motion for summary judgment. Further, there is no evidence in the record from either Ohio or South Carolina showing that the plaintiff had a wrist injury. Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. §1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Id.* at 102. The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106. In their affidavits, defendants Collier and Bardon state that they have no recollection of the plaintiff complaining of an injured wrist or any other health problems, and they were not advised by the Ohio officials of any health problems the plaintiff had. The plaintiff never requested any medical attention and never complained of any pain or injury during transport (Collier aff. ¶¶ 12-15; Bardon aff. ¶¶ 5-6). Other than his

6

own conclusory allegations, the plaintiff had no evidence that the defendants were deliberately indifferent to his allegedly serious medical needs or otherwise violated his constitutional rights. Based upon the foregoing, the claim fails.

## CONCLUSIONS AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted. Further, for the same reasons, this court recommends that the plaintiff's motion for summary and declaratory judgment be denied.

        s/William M. Catoe
        United States Magistrate Judge

February 9, 2006

Greenville, South Carolina