IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert E. Young, #213263, ) | |
| ) | C/A No.:   6:03-3640-JFA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Neil Collier, Probation Officer; and ) | |
| Christopher Bardon, Probation Officer, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's report and recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

1

I.     FACTUAL AND PROCEDURAL BACKGROUND

The pro se plaintiff, Robert E. Young, is a state prisoner incarcerated at the Northside Correctional Institution in Una, South Carolina. He brings this action pursuant to 42 U.S.C. § 1983 to recover damages against certain law enforcement officers for allegedly improperly extraditing him from Ohio. Plaintiff's complaint originally named as defendants individuals from Ohio, as well as South Carolina probation officer Neil Collier and other South Carolina probation officers whose "names are not known." Plaintiff's complaint was referred to Magistrate Judge William M. Catoe.

On December 23, 2003, the Magistrate Judge issued a report recommending dismissal of the action with prejudice on the grounds that the court lacked personal jurisdiction over the Ohio defendants and that plaintiff's § 1983 claims against the South Carolina defendants were barred by Heck v. Humphrey, 512 U.S. 477 (1994), because such claims must await the vacation or expungement of the underlying conviction. Plaintiff filed objections to the report and attempted to amend his claims. The undersigned overruled plaintiff's objections, incorporated the magistrate judge's report by reference and dismissed the action without prejudice to refile if the underlying probation revocation judgment were set aside.

Plaintiff appealed dismissal of his claims against the South Carolina defendants, and on June 24, 2005, the Fourth Circuit Court of Appeals published an opinion reversing and remanding the case to this court. See Young v. Nickols, 413 F.3d 416 (4th Cir. 2005). In its remand order, the Fourth Circuit discussed whether Heck requires a state prisoner to have his criminal judgment or sentence set aside before he is allowed to bring a § 1983 action

2

seeking damages or declaratory relief for illegal extradition.  Ultimately, the Fourth Circuit held that its decision in Wirth v. Surles, 562 F.2d 319 (4th Cir. 1977), was not overriden by the Supreme Court's decision in Heck and that Heck does not bar plaintiff from invoking § 1983 to assert a damages claim for illegal extradition. The Fourth Circuit remanded the case for this court to reconsider plaintiff's allegations, including considering whether his submissions containing added or amended allegations that may be treated as a motion to amend.  Finally, the Fourth Circuit suggested on remand that the court begin its analysis by considering whether plaintiff's allegations are frivolous, malicious, or fail to state a claim upon which relief can be granted.

On July 26, 2005, the undersigned referred the case back to the Magistrate Judge for further proceedings consistent with the Fourth Circuit's mandate.  In light of the Fourth Circuit's directive to determine whether plaintiff's submissions suggested a desire to amend his original complaint, on September 13, 2005, the Magistrate Judge ordered plaintiff to complete and file a standard complaint form and to respond to special interrogatories. Plaintiff's amended complaint dated September 28, 2005 named Neil Collier and Christopher Barton[1] as the only defendants, from whom he seeks damages on the grounds that they conspired to transport him from Ohio to South Carolina illegally upon an expired arrest warrant and despite an injury to his left wrist, thereby denying him medical care.  Plaintiff abandoned his allegation that the defendants "seized" him by receiving custody from persons not authorized to detain him under Ohio law.  He also abandoned his claim that defendants

---

[1] The correct spelling of this defendant's name is "Bardon" (def. m.s.j. 1 n.1).

3

"kidnaped" him in Ohio.

On October 14, 2005, the Magistrate Judge authorized issuance and service of process on defendants, who answered the complaint on November 17, 2005. On December 13, 2005, plaintiff filed a "Reply" to defendants' answer. The following day defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment. As plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 16, 2005, advising plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case. On January 19, 2006, plaintiff filed a "motion for summary judgment and declaratory judgment, or in the alternative, a trial by jury," which the Magistrate Judge and the undersigned liberally construe as a response to defendants' motion. Defendants filed a reply to plaintiff's submission on February 6, 2006.

On February 9, 2006, the Magistrate Judge filed a second detailed and comprehensive report, recommending that defendants' motion for summary judgment as to the illegal extradition be granted. The Magistrate Judge opines that plaintiff's amended complaint and answers to special interrogatories fail to suggest any factual basis to connect defendants with the proceedings in Ohio.

After being advised of his right to file objections to the report, plaintiff filed an eight-page objection memorandum on March 1, 2006. This matter is ripe for review.

II.   DISCUSSION

The court has reviewed the record, the applicable law, the report, and the objections thereto. In order to maintain a § 1983 claim and avoid summary judgment, plaintiff must present evidence sufficient to create a genuine issue of material fact that a right protected by the Constitution or statutes of the United States was violated by virtue of his extradition to South Carolina. Wirth, 562 F.2d at 322-323. He has failed to do so.

Section 1983 imposes civil liability only upon one:

> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....

42 U.S.C. § 1983.

The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right "secured by the Constitution and laws." Baker v. McCollan, 443 U.S. 137, 140 (1979).

The constitutional provision allegedly violated by defendants' actions is presumably the Fourteenth Amendment's protection against deprivations of liberty without due process of law. By virtue of its incorporation into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. Id. at 142; Gerstein v. Pugh, 420 U.S. 103 (1975). The Fourteenth Amendment does not protect against all deprivations of liberty. Baker, 443 U.S. at 145. It protects only against deprivations of liberty accomplished "without due process of law." Id.

5

A public official is liable under § 1983 only "if he <u>causes</u> the plaintiff to be subjected to deprivation of his constitutional rights." <u>Id.</u> at 142 (emphasis in original).  In his objections, plaintiff alleges that defendants were part of a conspiracy to illegally arrest him based on their participation in the "deprivation of extradition rights and failure to follow proper procedures [all] in violation of Ohio Code §§ 2963.13 and 2963.13 ... which the ninety-one days passed between Plaintiff being charged as a fugitive from justice by the state of Ohio." (Plaintiff's 3/1/06 Objections, p.4).

To recover under his theory, plaintiff would have to prove that defendants conspired to deprive him of his constitutional rights. The standard for proving such a civil conspiracy was set forth in this Circuit in <u>Hinkle v. City of Clarksburg</u>, 81 F.3d 416 (4th Cir. 1996).  To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in plaintiff's deprivation of a constitutional right.  <u>Id</u>. at 421.  Plaintiff has a weighty burden to establish a civil rights conspiracy.  <u>Id</u>.  While he need not produce direct evidence of a meeting of the minds, plaintiff must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective.  <u>Id</u>.  In other words, to survive a properly-supported summary judgment motion, plaintiff's evidence must, at least, reasonably lead to the inference that defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.  <u>Id</u>.  Plaintiff's evidence failed in this regard, as he has not produced any evidence, either direct or circumstantial, that defendants acted in concert to

deprive him of his extradition rights. Neither plaintiff's complaint nor his supporting attachments contain any claim that the defendants personally participated in the allegedly defective extradition proceedings. Plaintiff concedes that defendants received custody of him from persons authorized to detain him pursuant to Ohio law and that some form of extradition proceedings were conducted in Ohio. The only reasonable inference from plaintiff's amended complaint, answers to special interrogatories and motion for appointment of counsel is that he no longer alleges that the underlying extradition proceedings were defective. The case law is well-settled that the only appropriate avenue to challenge a facially valid extradition is by way of a petition for a writ of habeas corpus in the asylum state. Baker, 443 U.S. at 143-47.

There is no dispute that both defendants acted in transporting plaintiff. That transport, however, was not unlawful under law and was not an illegal conspiracy. The record establishes that defendants were acting pursuant to a facially valid extradition order to pick up plaintiff in Ohio. Defendants were under no duty to inquire into the propriety of the underlying extradition procedures. Brown v. Nutsch, 619 F.2d 758, 765 (8th Cir. 1980)(citing Baker, 443 U.S. at 143-47)(police officers of the demanding state, carrying out a facially valid extradition, have no duty to make determinations regarding propriety of extradition procedure in the asylum state).

Even if the court were to find that plaintiff's allegations were to state a legally-cognizable claim for illegal extradition, the court finds that the named defendants are immune from such liability because they were acting within the scope of their official

7

capacities. Imbler v. Pachtman, 424 U.S. 409 (1976); Swain v. Hunt, 865 F.2d 1259 (4th Cir. 1988). It is well-established that a police officer is entitled to qualified immunity from an assessment of damages against him if he acted with a reasonable and good faith belief that he had acted lawfully. See, e.g., Butz v. Economou, 438 U.S. 478 (1978); Wirth v. Surles, 562 F.2d 319 (4th Cir. 1977); and Street v. Cherba, 662 F.2d 1037 (4th Cir. 1981). Therefore, plaintiff's claim against defendants for violation of his extradition rights is dismissed.

In his other claim, plaintiff asserts that he was denied medical care during his transport from Ohio to South Carolina. Although the Magistrate Judge analyzed the plaintiff's denial-of-medical-care claim under the Eighth Amendment, the law is clear that such a claim arises under the Fourteenth Amendment rather than the Eighth Amendment because it is asserted by a pre-trial detainee. The Supreme Court has yet to decide what standard should govern denial-of-medical-care claims, thus far observing only that the Fourteenth Amendment rights of pre-trial detainees "are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983); see also Bell v. Wolfish, 441 U.S. 520, 545 (1979) ("P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners").

This circuit, however, has concluded that denial-of medical-care claims asserted by pre-trial detainees are governed by the deliberate indifference standard. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir.2001); and Young v. City of Mount Ranier, 238 F.3d 567,

8

575 (4th Cir. 2001).

Defendant have moved for summary judgment on plaintiff's claim for denial of medical treatment. As an initial matter, in his response to the motion, plaintiff failed to address defendants' argument on his claim for denial of medical treatment. Further, there is no independent evidence in the record from Ohio or South Carolina that plaintiff had a wrist injury, and in fact, the only evidence in the record is to the contrary—that plaintiff did not complain of any injury during his transport.

In his affidavit, defendant Collier states that he has "no recollection of Mr. Young complaining of an injured wrist, or any other physical injuries or health problems, and [Collier] made no mention of any such complaints in [his] written notes concerning the transport." According to Collier's affidavit, plaintiff was transported using a waist belt and was hand-cuffed in the front. Further, Collier's affidavit indicates they stopped for lunch and that plaintiff "was able to eat his lunch without any problems or assistance from [Collier] or Agent Bardon, other than being released from his handcuffs on one hand." Collier's affidavit notes that plaintiff "never requested any medical attention and never complained of any pain or injury during transport." Finally, Collier states that after plaintiff's bond hearing, he and Bardon took plaintiff to booking where he was accepted into the Greenville County Detention Center. Based on Collier's "years of experience in law enforcement, if someone being booked in at the detention center needs medical attention, the jail will not accept that person until they are taken to the hospital for treatment. That did not happen in this case. Instead, the detention center accepted Mr. Young as he was delivered without requiring any

9

medical treatment." According to his affidavit, defendant Collier has been employed by the Department of Probation, Parole, and Pardon Services for approximately 17 years.

Similarly, defendant Bardon submitted an affidavit which noted that plaintiff was secured in leg irons and in handcuffs in the front through the use of a waist-belt, and that they "were not given any specific instructions by the Ohio officials about any physical injuries or other health problems with Mr. Young." Bardon states that plaintiff was transported back to Greenville, South Carolina "without any incident or any complaints," and after a bond hearing, he was booked at the detention center.

Aside from merely alleging that he had a wrist injury, plaintiff has not produced any evidence, either direct or circumstantial, that defendants were deliberately indifferent to his allegedly serious medical needs. Therefore, the court grants defendants summary judgment on this claim, as well.

III.    CONCLUSION

After careful review of the record, the applicable law, the report, and the objections thereto, the court finds the Magistrate Judge's recommended disposition is appropriate. Accordingly, the portion of the report regarding plaintiff's claim for violation of his extradition rights is incorporated herein by reference, and the plaintiff's objections thereto are overruled. The court rejects the portion of the report regarding the Eighth Amendment analysis, but agrees that plaintiff's claim for medical indifference should be dismissed, for the reasons stated herein. Therefore, this action is dismissed with prejudice.

IT IS SO ORDERED.

September 18, 2006                                    s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge